Kevin R. Sutherland (State Bar No. 163746)
Benedict E. Idemundia (State Bar No. 289386)
Taylor J. Trotter (State Bar No. 341024)
CLYDE & CO US LLP
355 S. Grand Avenue, Suite 1400
Los Angeles, California 90071
Telephone: (213) 358-7600
Facsimile: (213) 358-7650
Email: kevin.sutherland@clydeco.us
       benedict.idemundia@clydeco.us
       taylor.trotter@clydeco.us

Attorneys for Defendant
AIR CANADA

UNITED STATES DISTRICT COURT

CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| DANIELLE STELZRIEDE, an individual, | Case No. 2:25-cv-5493-ODW-MBK |
| Plaintiff, | ANSWER OF AIR CANADA TO PLAINTIFF'S COMPLAINT |
| v. | Complaint Filed: June 17, 2025 |
| AIR CANADA | |
| Defendants. | |

Defendant Air Canada, by and through its counsel of record, Clyde & Co US LLP, hereby answers plaintiff's complaint as follows:

As to the allegations contained in the first paragraph of plaintiff's complaint, Air Canada is without knowledge or information sufficient to form a belief as to the truth of the allegations contained therein and, on this basis, denies said allegations except Air Canada admits that plaintiff has named Air Canada as a defendant in the action.

---

ANSWER OF AIR CANADA TO PLAINTIFF'S COMPLAINT

## AS TO THE ALLEGATIONS REGARDING THE PARTIES

1. As to the allegations contained in paragraph 1 of plaintiff's complaint, Air Canada denies said allegations, except Air Canada admits that on or around July 9, 2023, it operated flight No. AC 779 providing transportation from Montreal-Trudeau International Airport ("YUL") to Los Angeles International Airport ("LAX") and plaintiff was a ticketed passenger onboard flight No. AC 779.

2. As to the allegations contained in paragraph 2 of plaintiff's complaint, Air Canada is without knowledge or information sufficient to form a belief as to the truth of the allegations contained therein and, on this basis, denies said allegations.

3. As to the allegations contained in paragraph 3 of plaintiff's complaint, Air Canada denies said allegations except, Air Canada admits it is a foreign entity organized and existing under the laws of Canada with its head office located in Canada and that it is a member of Star Alliance and maintains codeshare agreements with various airlines, including United Airlines.

4. As to the allegations contained in paragraph 4 of plaintiff's complaint, Air Canada denies said allegations except, Air Canada admits that it provides services for the carriage of passengers by air, including international flights such as flight No. AC 779.

5. As to the allegations contained in paragraph 5 of plaintiff's complaint, Air Canada denies said allegations except, Air Canada admits that it operates flights traveling to and from the state of California as well as other locations.

6. As to the allegations contained in paragraph 6 of plaintiff's complaint, Air Canada denies said allegations except, Air Canada admits that it is authorized to operate flights traveling to and from the United States and Canada.

//
//
//

**AS TO THE ALLEGATIONS REGARDING JURISDICTION AND VENUE**

7. As to the allegations contained in paragraph 7 of plaintiff's complaint, they are solely legal in nature and, as such, Air Canada makes no response thereto. To the extent a response is required, Air Canada denies the allegations set forth in paragraph 7 of the complaint and respectfully refers all matters of law contained therein to the Court.

8. As to the allegations contained in paragraph 8 of plaintiff's complaint, Air Canada is without knowledge or information sufficient to form a belief as to the truth of the allegations contained therein and, on this basis, denies said allegations except Air Canada admits that Air Canada provides services for the carriage of passengers by air to and from the United States. Air Canada refers all matters of law to the Court.

9. As to the allegations contained in paragraph 9 of plaintiff's complaint, they are solely legal in nature and, as such, Air Canada makes no response thereto. To the extent a response is required, Air Canada denies the allegations set forth in paragraph 9 of the complaint and respectfully refers all matters of law contained therein to the Court.

10. As to the allegations contained in paragraph 10 of plaintiff's complaint, Air Canada is without knowledge or information sufficient to form a brief as to the truth of the allegations contained therein and, on this basis, denies said allegations. Air Canada respectfully refers all matters of law contained therein to the Court.

11. As to the the allegations contained in paragraph 11 of plaintiff's complaint, Air Canada is without knowledge or information sufficient to form a belief as to the truth of the allegations contained therein and, on this basis, denies said allegations except that Air Canada admits it operates flights traveling to and from the state of California. Air Canada respectfully refers all matters of law contained therein to the Court.

12.As to the the allegations contained in paragraph 12 of plaintiff's complaint, Air Canada is without knowledge or information sufficient to form a belief as to the truth of the allegations contained therein and, on this basis, denies said allegations except that Air Canada admits it operates flights traveling to and from the state of California.  Air Canada respectfully refers all matters of law contained therein to the Court.

13.As to the allegations contained in paragraph 13 of plaintiff's complaint, Air Canada is without knowledge or information sufficient to form a belief as to the truth of the allegations contained therein and, on this basis, denies said allegations except that Air Canada admits it operates flights traveling to and from the state of California.  Air Canada respectfully refers all matters of law contained therein to the Court.

**AS TO THE FACTUAL ALLEGATIONS AND FIRST CAUSE OF ACTION FOR PERSONAL INJURIES UNDER THE MONTREAL CONVENTION**

14.As to the allegations contained in paragraph 14 of plaintiff's complaint, Air Canada repeats, reiterates and realleges each and every answer in the preceding paragraphs of this answer with the same force and effect as if set forth herein in full.

15.As to the allegations contained in paragraph 15 of plaintiff's complaint, Air Canada denies said allegations except, Air Canada admits that it operates flights traveling to and from the United States and Canada.

16.As to the allegations contained in paragraph 16 of plaintiff's complaint, Air Canada denies said allegations except Air Canada admits that it employs individuals, in various capacities, for the safe and secure operation of its flights and the safety of its passengers.

17.As to the allegations contained in paragraph 17 of plaintiff's complaint, Air Canada denies said allegations except Air Canada admits that it trains, manages, and supervises its crew with respect to its safety protocols and

procedures.

18. As to the allegations contained in paragraph 18 of plaintiff's complaint, Air Canada is without knowledge or information sufficient to form a belief as to the truth of the allegations contained therein and, on this basis, denies said allegations, except Air Canada admits that on or around July 9, 2023, it operated flight No. AC 779 providing transportation from YUL to LAX and plaintiff was a ticketed passenger onboard flight No. AC 779.

19. As to the allegations contained in paragraph 19 of plaintiff's complaint, Air Canada is without knowledge or information sufficient to form a belief as to the truth of the allegations contained therein and, on this basis, denies said allegations, except Air Canada admits that on or around July 9, 2023, it operated flight No. AC 779 providing transportation from YUL to LAX.

20. As to the allegations contained in paragraph 20 of plaintiff's complaint, Air Canada is without knowledge or information sufficient to form a belief as to the truth of the allegations contained therein and, on this basis, denies said allegations, except Air Canada admits that on or around July 9, 2023, it operated flight No. AC 779 providing transportation from YUL to LAX and plaintiff was a ticketed passenger onboard flight No. AC 779.

21. As to the allegations contained in paragraph 21 of plaintiff's complaint, Air Canada is without knowledge or information sufficient to form a belief as to the truth of the allegations contained therein and, on this basis, denies said allegations, except Air Canada admits that on or around July 9, 2023, it operated flight No. AC 779 providing transportation from YUL to LAX.

22. As to the allegations contained in paragraph 22 of plaintiff's complaint, Air Canada is without knowledge or information sufficient to form a belief as to the truth of the allegations contained therein and, on this basis, denies said allegations, except Air Canada admits that it employed a cabin crew on AC 779 that were responsible for following Air Canada's safety policies and

procedures.

23. As to the allegations contained in paragraph 23 of plaintiff's complaint, Air Canada denies said allegations, except Air Canada admits that it trained, managed, and supervised its crew onboard AC 779 with respect to its safety protocols and procedures.

24. As to the allegations contained in paragraph 24 of plaintiff's complaint, Air Canada denies said allegations.

25. As to the allegations contained in paragraph 25 of plaintiff's complaint, Air Canada denies said allegations.

26. As to the allegations contained in paragraph 26 of plaintiff's complaint, Air Canada denies said allegations.

27. As to the allegations contained in paragraph 27 of plaintiff's complaint, Air Canada denies said allegations.

28. As to the allegations contained in paragraph 28 of plaintiff's complaint, Air Canada denies said allegations.

29. As to the allegations contained in paragraph 29 of plaintiff's complaint, Air Canada denies said allegations.

30. As to the allegations contained in paragraph 30 of plaintiff's complaint, Air Canada denies said allegations.

31. As to the allegations contained in paragraph 31 of plaintiff's complaint, Air Canada denies said allegations.

32. As to the allegations contained in paragraph 32 of plaintiff's complaint, Air Canada denies said allegations.

33. As to the allegations contained in paragraph 33 of plaintiff's complaint, Air Canada denies said allegations.

34. As to the allegations contained in paragraph 34 of plaintiff's complaint, Air Canada denies said allegations.

35. As to the allegations contained in paragraph 35 of plaintiff's

ANSWER OF AIR CANADA TO PLAINTIFF'S COMPLAINT

complaint, Air Canada denies said allegations.

36. There are no allegations contained in paragraph 36 of plaintiff's complaint, therefore, no response is required. To the extent that a response is required, Air Canada denies said allegations.

37. As to the allegations contained in paragraph 37 of plaintiff's complaint, Air Canada denies said allegations.

38. As to the allegations contained in paragraph 38 of plaintiff's complaint, Air Canada denies said allegations.

39. As to the allegations contained in paragraph 39 of plaintiff's complaint, Air Canada denies said allegations.

40. As to the allegations contained in paragraph 40 of plaintiff's complaint, Air Canada denies said allegations.

41. As to the allegations contained in paragraph 41 of plaintiff's complaint, Air Canada denies said allegations.

**FIRST AFFIRMATIVE DEFENSE**

**TO EACH AND EVERY CAUSE OF ACTION**

42. Any injuries, damages, or loss sustained by plaintiff, if such occurred, were proximately caused, and/or contributed to, by her own fault or negligence in that she did not exercise ordinary care on her own behalf and acted recklessly or carelessly at the time and places set forth in the complaint. Accordingly, plaintiff's recovery, if any, should be denied or reduced by the amount of fault and/or negligence attributable to her conduct.

**SECOND AFFIRMATIVE DEFENSE**

**TO EACH AND EVERY CAUSE OF ACTION**

43. Air Canada's liability for non-economic damages, if any, is limited to that percentage of those damages that is in direct proportion to Air Canada's percentage of fault, if any, in accordance with the provisions of Proposition 51, California Civil Code Section 1431.2.

## THIRD AFFIRMATIVE DEFENSE
## TO EACH AND EVERY CAUSE OF ACTION

44. At the time and place referred to in the complaint, and before such event, plaintiff knew, appreciated, and understood each and every risk involved in placing herself in the position that she then assumed and willingly, knowingly, and voluntarily assumed each of such risks, including, but not limited to, the risk of suffering personal bodily injury.

## FOURTH AFFIRMATIVE DEFENSE
## TO EACH AND EVERY CAUSE OF ACTION

45. Plaintiff has failed to mitigate her damages, if any, that plaintiff has sustained and to exercise reasonable care to avoid the consequences of harms, if any, in that among other things, plaintiff has failed to use reasonable diligence in caring for any injury, failed to use reasonable means to prevent aggravation of any injury, and failed to take reasonable precautions to reduce any injury and damage.

## FIFTH AFFIRMATIVE DEFENSE
## TO EACH AND EVERY CAUSE OF ACTION

46. Plaintiff's damages, if any, are due to the acts or omissions of persons or entities other than Air Canada; however, in the event a finding is made that liability exists on the part of Air Canada, Air Canada is entitled to indemnity, contribution, and/or restitution from such persons or entities in direct proportion to their respective fault.

## SIXTH AFFIRMATIVE DEFENSE
## TO EACH AND EVERY CAUSE OF ACTION

47. Plaintiff's complaint is barred by any and all applicable statutes of limitation and/or statute of repose.

//
//
//

## SEVENTH AFFIRMATIVE DEFENSE
## TO EACH AND EVERY CAUSE OF ACTION

48. Plaintiff's complaint fails to state a claim against Air Canada upon which relief can be granted.

## EIGHTH AFFIRMATIVE DEFENSE
## TO EACH AND EVERY CAUSE OF ACTION

49. Plaintiff's complaint should be dismissed, or in the alternative, stayed due to improper venue.

## NINTH AFFIRMATIVE DEFENSE
## TO EACH AND EVERY CAUSE OF ACTION

50. Plaintiff's complaint should be dismissed, or in the alternative, stayed due to the doctrine of *forum non conveniens*.

## TENTH AFFIRMATIVE DEFENSE
## TO EACH AND EVERY CAUSE OF ACTION

51. The liability of Air Canada, if any, with respect to plaintiff's alleged damages is limited or excluded in accordance with Air Canada's conditions of carriage, conditions of contract and/or the provisions of its international tariff rules.

## ELEVENTH AFFIRMATIVE DEFENSE
## TO EACH AND EVERY CAUSE OF ACTION

52. The rights and liabilities of the parties in this action are exclusively governed by a treaty of the United States known as the Convention for the Unification of Certain Rules for International Carriage by Air, done at Montreal on 28 May 1999, ICAO Doc. No. 9740 (entered into force November 4, 2003), reprinted in S. Treaty Doc. 106-45, 1999 WL 33292734 (hereinafter "the Montreal Convention").

//
//
//

## TWELFTH AFFIRMATIVE DEFENSE
## TO EACH AND EVERY CAUSE OF ACTION

53. The liability of Air Canada, if any, is limited or excluded in accordance with the provisions of the Montreal Convention, including, but not limited to:

a. Article 17 of the Montreal Convention, in that plaintiff's alleged injuries were not caused by an "accident" within the meaning of Article 17 of the Montreal Convention;

b. Article 17 of the Montreal Convention, in that plaintiff's alleged injuries did not take place on board the aircraft or in the course of any operations of embarking or disembarking;

c. Article 20 of the Montreal Convention, in that plaintiff's alleged injuries were caused or contributed to by the negligence or other wrongful act or omission of plaintiff;

d. Article 21 of the Montreal Convention, in that to the extent plaintiff's alleged damages exceed the amount of 128,821 SDRs, Air Canada is not liable to plaintiff because such damage was not due to the negligence or other wrongful act or omission of Air Canada or its servants or agents, or such damage was caused or contributed to by the negligence or other wrongful act or omission of a third party;

e. Article 33 of the Montreal Convention, to the extent that plaintiff has failed to bring the instant action in the proper forum; and

f. Article 35 of the Montreal Convention, to the extent that plaintiff has failed to bring his action within two years of the date of arrival at the destination or from the date on which the aircraft ought to have arrived or the date on which the carriage stopped.

//
//
//

## THIRTEENTH AFFIRMATIVE DEFENSE
## TO EACH AND EVERY CAUSE OF ACTION

54. If plaintiff is entitled to recover damages, which is denied, the amount of any damages should be reduced in whole or in part by the amounts received from a collateral source.

## FOURTEENTH AFFIRMATIVE DEFENSE
## TO EACH AND EVERY CAUSE OF ACTION

55. Plaintiff's action is barred because plaintiff failed to exercise reasonable and ordinary care to avoid an obvious danger to the extent such a danger existed.

## FIFTEENTH AFFIRMATIVE DEFENSE
## TO EACH AND EVERY CAUSE OF ACTION

56. The incident alleged in the complaint, and the damage that plaintiff alleges she sustained as a result of the incident, were due to the negligence or other wrongful acts or omissions of persons or entities other than Air Canada; however, in the event that a finding is made that liability exists on the part of Air Canada, which proximately contributed to plaintiff's damages alleged in the complaint, Air Canada's liability, if any, should be reduced by an amount proportionate to the amount by which the comparative fault or negligence of such other persons or entities contributed to the happening of the alleged incident and damages upon which plaintiff seeks recovery.

## SIXTEENTH AFFIRMATIVE DEFENSE
## TO EACH AND EVERY CAUSE OF ACTION

57. Air Canada is not liable to plaintiff as it fully satisfied the terms and conditions of the contract between the parties.

//
//
//

## SEVENTEENTH AFFIRMATIVE DEFENSE
## TO EACH AND EVERY CAUSE OF ACTION

58. The injuries and damages allegedly suffered by plaintiff were caused by intervening and superseding causes, and not caused by Air Canada or by a person for whom Air Canada is responsible.

## EIGHTEENTH AFFIRMATIVE DEFENSE
## TO EACH AND EVERY CAUSE OF ACTION

59. State law claims against Air Canada are completely preempted by federal law, including, but not limited to, the Federal Aviation Act of 1958 as amended (P.L. 85-726, 72 Stat. 731, formerly codified at 49 U.S.C. §§ 1301, *et seq.*) and the Airline Deregulation Act (codified at 49 U.S.C. § 41713).

## NINETEENTH AFFIRMATIVE DEFENSE
## TO EACH AND EVERY CAUSE OF ACTION

60. Plaintiff's complaint is barred because plaintiff lacks the standing and/or capacity to bring this action.

## TWENTIETH AFFIRMATIVE DEFENSE
## TO EACH AND EVERY CAUSE OF ACTION

61. Plaintiff's alleged damages are the result of subsequent and/or pre-existing conditions and/or events unrelated to the conduct of Air Canada.

## TWENTY-FIRST AFFIRMATIVE DEFENSE
## TO EACH AND EVERY CAUSE OF ACTION

62. Plaintiff's complaint is barred because the Court lacks personal jurisdiction over Air Canada.

## TWENTY-SECOND AFFIRMATIVE DEFENSE
## TO EACH AND EVERY CAUSE OF ACTION

63. Plaintiff's complaint is barred for insufficient process and/or insufficient service of process.

/ /

**TWENTY-THIRD AFFIRMATIVE DEFENSE**

**TO EACH AND EVERY CAUSE OF ACTION**

64. Plaintiff's complaint is barred by the doctrine of waiver.

**TWENTY-FOURTH AFFIRMATIVE DEFENSE**

**TO EACH AND EVERY CAUSE OF ACTION**

65. Plaintiff's complaint is barred by the doctrine of laches.

**TWENTY-FIFTH AFFIRMATIVE DEFENSE**

**TO EACH AND EVERY CAUSE OF ACTION**

66. Plaintiff's complaint is barred by the doctrine of estoppel.

**RESERVATION OF DEFENSES**

67. Air Canada hereby gives notice that it intends to rely upon any other defenses that may become available or appear during the proceedings in this case and hereby reserves its rights to amend its Answer to assert any such defense. Air Canada therefore reserves the right to assert by motion or at trial denials as to plaintiff's ability to prove the required elements of his claims. In the event that any affirmative defense asserted by Air Canada is determined by the Court to be a denial rather than an affirmative defense, the burden of proof shall not shift to Air Canada on such matters merely because the matter has been pleaded as an affirmative defense rather than a denial.

**NOTICE OF APPLICABILITY OF FOREIGN LAW**

68. Pursuant to Rule 44.1 of the Federal Rules of Civil Procedure, Air Canada hereby gives notice that it may raise issues concerning the law of a foreign country in this matter.

69. As to plaintiff's prayer for relief, Air Canada denies plaintiff is entitled to any of the relief sought in the complaint.

/ /

/ /

/ /

WHEREFORE, Air Canada prays for judgment as follows:

1. That plaintiff takes nothing by reason of her complaint and for judgment in favor of Air Canada;

2. That Air Canada by awarded costs of suit incurred herein; and

3. For such other and further relief as the Court deems necessary, just and proper.

Dated: September 22, 2025                CLYDE & CO US LLP

By: _____
KEVIN R. SUTHERLAND
BENEDICT E. IDEMUNDIA
TAYLOR J. TROTTER
Attorneys for Defendant
AIR CANADA

# CERTIFICATE OF SERVICE

# STATE OF CALIFORNIA COUNTY OF LOS ANGELES

I am employed in the County of Los Angeles, State of California, I am over the age of eighteen years, and not a party to the within action. My business address is 355 S. Grand Avenue, Suite 1400, Los Angeles, California 90071.

On September 22, 2025, I served true and correct copies of the following document(s) described as:

# ANSWER OF AIR CANADA TO PLAINTIFF'S COMPLAINT

on the interested parties in this action as follows:

# SEE ATTACHED SERVICE LIST

in the following manner:

☐ **BY MAIL:** I enclosed the document(s) in a sealed envelope or package addressed to the persons at the addresses listed in the Service List and placed the envelope for collection and mailing, following our ordinary business practices. I am readily familiar with the practice of Clyde & Co US LLP for collecting and processing correspondence for mailing. On the same day that correspondence is placed for collection and mailing, it is deposited in the ordinary course of business with the United States Postal Service, in a sealed envelope with postage fully prepaid. I am a resident or employed in the county where the mailing occurred. The envelope was placed in the mail at Los Angeles, California.

☐ **BY OVERNIGHT DELIVERY:** I enclosed said document(s) in an envelope or package provided by Overnight Delivery and addressed to the persons at the addresses listed in the Service List. I placed the envelope or package for collection and overnight delivery at an office or a regularly utilized drop box of Overnight Delivery or delivered such document(s) to a courier or driver authorized by Overnight Delivery to receive documents.

☐ **BY E-MAIL OR ELECTRONIC TRANSMISSION:** I caused a copy of the document(s) to be sent from e-mail address lisa.vera@clydeco.us to the persons at the e-mail addresses listed in the Service List. I did not receive, within a reasonable time after the transmission, any electronic message or other indication that the transmission was unsuccessful.

☒ **BY CM/ECF NOTICE OF ELECTRONIC FILING:** I electronically filed the document(s) with the Clerk of the Court by using the CM/ECF system. Participants in the case who are registered CM/ECF users will be served by the CM/ECF system.

I declare under penalty of perjury under the laws of the United States of America that the foregoing is true and correct and that I am employed in the office of a member of the bar of this Court at whose direction the service was made.

Executed on September 22, 2025, at Los Angeles, California.

Lisa Vera

# SERVICE LIST

| | |
|---|---|
| Stuart R. Fraenkel, Esq.<br>Nicole Anderson, Esq.<br>NELSON & FRAENKEL LLP<br>601 S. Figueroa Street, Suite 2050<br>Los Angeles, CA 90017<br><br>Attorneys for Plaintiff<br>DANIELLE STELZRIEDE | Telephone: (213) 622-6469<br>Facsimile: (213) 6226019<br><br>Email: stuart@nflawfirm.com<br>         nandersen@nflawfirm.com |
| **Vincent C. Lesch , III**<br>Kreindler and Kreindler LLP<br>485 Lexington Avenue, 28th Floor<br>New York, NY 10017<br><br>*PRO HAC VICE*<br>*ATTORNEY TO BE NOTICED* | Telephone: (212) 687-8181<br>Facsimile: (212) 972-9432<br><br>Email: vlesch@kreindler.com |