Kevin R. Sutherland (State Bar No. 163746)
Benedict E. Idemundia (State Bar No. 289386)
Taylor J. Trotter (State Bar No. 341024)
CLYDE & CO US LLP
355 S. Grand Avenue, Suite 1400
Los Angeles, California 90071
Telephone: (213) 358-7600
Facsimile: (213) 358-7650
Email: kevin.sutherland@clydeco.us
        benedict.idemundia@clydeco.us
        taylor.trotter@clydeco.us

Attorneys for Defendant
AIR CANADA

Stuart R, Fraenkel (State Bar No. 173991)
Nicole Andersen (State Bar No. 281218)
NELSON & FRAENKEL LLP
601 S. Figueroa St., Suite 2050
Los Angeles, California 90017
Email: nandersen@nflawfirm.com

Vincent C. Lesch III (*pro hac vice*)
KREINDLER & KREINDLER LLP
485 Lexington Avenue, 28th Floor
New York, New York 10017
Email: vlesch@kreindler.com

Attorneys for Plaintiff
DANIELLE STELZRIEDE

UNITED STATES DISTRICT COURT

CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| DANIELLE STELZRIEDE, an individual,<br><br>                Plaintiff,<br><br>        v.<br><br>AIR CANADA<br><br>                Defendants. | Case No. 2:25-cv-5493-ODW-MBK<br><br>JOINT RULE 26(F) REPORT<br><br>Date: TBD<br>Time: TBD<br>Place: TBD<br>Judge: Otis D. Wright II<br><br>Trial Date: None<br>Complaint Filed: June 17, 2025 |

Pursuant to Rule 26(f) of the Federal Rules of Civil Procedure (hereinafter "Rule 26(f)") and the United States District Court for the Central District of California Local Rule 26-1 (hereinafter "Local Rule 26-1"), plaintiff Danielle

Stelzriede (hereinafter "plaintiff") and defendant Air Canada (collectively "the parties"), hereby respectfully submit the following Joint Report.

The parties' counsel met and conferred on November 3, 2025, as required by Jule 26(f), during which they discussed the matters set forth herein and jointly developed the following proposed case management schedule.

### a.    Statement of the Case

This action arises from a July 9, 2023 alleged incident on board Air Canada Flight No. AC779 from Montreal, Canada to Los Angeles, California (hereinafter "subject flight"). Plaintiff alleges that while she was a passenger on board the subject flight, she sustained injuries when a large plastic container fell from the overhead compartment and struck plaintiff. According to the complaint, plaintiff sustained serious and permanent injuries as a result of the incident. Plaintiff alleges that Air Canada is liable for the personal injuries plaintiff claims to have suffered on the subject flight. Plaintiff asserted one cause of action for personal injuries under the Montreal Convention.

Air Canada denies plaintiff's allegations and contends that its liability, if any, is limited to 128,821 SDRs pursuant to Article 21 of the Montreal Convention on the grounds that plaintiff's injuries were not caused by the negligence or other wrongful act or omission of Air Canada or its servants or agents, or such damage was caused or contributed to by the negligence or other wrongful act or omission of a third party.

### b.    Subject Matter Jurisdiction

This Court has original jurisdiction over this action based on the existence of a federal question under 28 U.S.C. Section 1331. Specifically, the United States is a state party to the treaty known as the Montreal Convention which governs "international carriage" where the place of departure and place of destination are within two different State Parties, in this instance, Canada and the United States.

/ /

CLYDE & CO US LLP
355 s. Grand Avenue, Suite 1400
Los Angeles, California 90071
Telephone: (213) 338-7600

Accordingly, the transportation out of which the subject matter of this action arose was "international carriage" within the meaning of the Montreal Convention and the rights and liabilities of the parties are governed exclusively by the provisions of the Convention.

### c.    Legal Issues

The principal issues in this case are: (1) whether plaintiff's injuries were caused by an "accident" under Article 17 of the Montreal Convention; (2) whether Air Canada's liability, if any, is limited to 128,821 SDRs pursuant to Article 21 of the Montreal Convention on the grounds that plaintiff's injuries were not caused by the negligence or other wrongful act or omission of Air Canada or its servants or agents, or such damage was caused or contributed to by the negligence or other wrongful act or omission of a third party; and (3) the nature, cause and extent of plaintiff's alleged injuries.

### d.    Parties and Evidence

The only parties to this action are plaintiff and Air Canada.  The parties anticipate the following individuals may possess information relevant to the action: (1) plaintiff and plaintiff's family members; (2) plaintiff's medical care providers; (3) employees and/or former employees of Air Canada; and (4) third party witnesses including passengers on the subject flight.  The key documents in this action, include but are not limited to, the following: (1) plaintiff's medical records; (2) plaintiff's travel records; (3) Air Canada's records pertaining to the incident described in plaintiff's complaint; and (4) documents pertaining to Air Canada's policies and procedures.

### e.    Damages

Plaintiff seeks all allowable damages under the Montreal Convention in an amount to be determined at trial.

Air Canada denies plaintiff suffered any compensable injuries.

/ /

CLYDE & CO US LLP
355 s. Grand Avenue, Suite 1400
Los Angeles, California 90071
Telephone: (213) 338-7600

*f.      Insurance*

Air Canada maintains sufficient liability insurance to cover any settlement or judgment entered against it in this action. Air Canada is not aware of any reservation of rights being issued.

*g.      Motions*

The parties do not anticipate filing motions to transfer venue or challenge the Court's jurisdiction.  Plaintiff does not anticipate amending the complaint or adding additional parties; however, plaintiff reserves the right to do so should preliminary discovery support such an amendment or the addition of a party.

*h.      Manual for Complex Litigation*

The parties agree that this is not a Complex Case and the procedures in the Manual for Complex Litigation are not required in this case.

*i.      Status of Discovery*

The parties have not yet conducted any discovery. Pursuant to Federal Rule of Civil Procedure 26(d), no discovery requests have been served prior to the Rule 26(f) conference.

*j.      Discovery Plan*

The following are the parties' views and proposals concerning discovery:

(A)      The parties agree to exchange their initial disclosures, in full and timely compliance with Federal Rule of Civil Procedure 26(a). The parties shall make their respective initial disclosures by stipulation on or before December 15, 2025.

(B)      The parties agree that written and deposition discovery will be necessary regarding the incident alleged in the complaint, the nature, cause and extent of plaintiff's alleged injuries and damages, and the culpability of Air Canada, if any. Air Canada may also request that plaintiff submit to a defense medical examination.

/ /

CLYDE & CO US LLP
355 s. Grand Avenue, Suite 1400
Los Angeles, California 90071
Telephone: (213) 338-7600

CLYDE & CO US LLP
355 s. Grand Avenue, Suite 1400
Los Angeles, California 90071
Telephone: (213) 338-7600

The parties agree that it is not necessary to conduct discovery in phases or that discovery should be limited to, or focused upon, particular issues at this time. The parties agree that fact discovery should be completed by February 22, 2027.

(C)    The parties do not anticipate any issues regarding disclosure, discovery, or preservation of electronically stored information and agree to meet and confer with one another should any issues arise.

(D)    Air Canada reserves the right to seek a protective order if any of its confidential or proprietary information is sought in discovery.  The parties agree to meet and confer regarding a stipulated protective order, should the need arise.

(E)    The parties agree that no changes should be made limiting discovery imposed under these rules or by local rules, or that any other limitations should be imposed at this time.

(F)    The parties agree that there are no orders that should be entered by the Court under Rule 26(c).

### k.    *Discovery Cut-Off*

The parties propose the discovery cut-off date governing the completion of all fact discovery should be February 22, 2027.

### l.    *Expert Discovery*

The parties propose the following dates for expert disclosures:

| | |
|---|---|
| Initial Expert Disclosures | February 12, 2027 |
| Rebuttal Expert Witness Disclosures | February 26, 2027 |
| Expert Discovery Cut-off | March 15, 2027 |

### m.    *Dispositive Motions*

The parties do not anticipate preparing dispositive motions at this time. However, the parties reserve the right to file motions for summary judgment.

The parties submit that a reasonable cut-off date for hearing motions for summary judgment is April 12, 2027. Discovery has just begun and, as such, the parties are not presently able to determine what issues, if any, may be the subject

of motions in limine. The parties submit that a reasonable cut-off date for filing of motions in limine is May 26, 2027.

### n. Settlement

The parties anticipate engaging in preliminary settlement discussions within the upcoming months.

The parties agree that under Local Rule 16-15.4, ADR Procedure No. 2 (Court's Mediation Panel) is most suitable for this case. The parties agree to complete the selected ADR Procedure before April 5, 2027.

### o. Trial Estimate

The parties estimate that a trial, if necessary, will take 4 to 5 court days. The parties anticipate calling 2 to 3 witnesses per side. Plaintiff demanded a jury trial.

### p. Trial Counsel

Plaintiff's Trial Counsel: (1) Stuart Fraenkel, Nelson & Fraenkel LLP; and (2) Vincent C. Lesch III, Kreindler & Kreindler LLP

Air Canada Trial Counsel: (1) Kevin R. Sutherland, Clyde & Co US LLP; and (2) Benedict E. Idemundia, Clyde & Co US LLP.

### q. Independent Expert

The parties agree that this case does not require an appointment of an independent scientific expert.

### r. Timetable

The parties respectfully provide the following proposed trial and pre-trial dates:

| Last Day to Hear Motion to Amend Pleadings or Add Parties | February 23, 2026 |
|---|---|
| Percipient/Fact Discovery Cutoff | February 22, 2027 |
| Expert Discovery Cutoff | March 15, 2027 |
| Last Date to Conduct Settlement Conference | April 5, 2027 |

CLYDE & CO US LLP
355 s. Grand Avenue, Suite 1400
Los Angeles, California 90071
Telephone: (213) 338-7600

JOINT RULE 26(F) REPORT

| Last Date for Hearing Motions | April 12, 2027 |
|---|---|
| Deadline to File:<br><br>• Proposed Pretrial Conference Order;<br><br>• Memoranda and Contentions of Fact and Law;<br><br>• Joint Witness List;<br><br>• Joint Exhibit List and Exhibit Stipulation;<br><br>• Proposed Verdict Form(s);<br><br>• Proposed Jury Instructions / Disputed Jury Instructions;<br><br>• Proposed Voir Dire Questions;<br><br>• Joint Statement of the Case;<br><br>• Joint Report re: Settlement; and<br><br>• Objections to Deposition Designations. | May 24, 2027 |
| Deadline to File Motions in Limine | May 26, 2027 |
| Pretrial Conference at 1:30 p.m. | May 31, 2027 |
| Hearing on Motions in Limine at 1:30 p.m. | June 14, 2027 |
| Last Date to File Final Trial Exhibit Stipulation | June 17, 2027 |
| Trial at 9:00 a.m. Estimated Length: 4-5 days (Tuesday) | June 22, 2027 |

**s.    Other Issues**

The parties do not anticipate any other issues affecting the status or management of the case.

CLYDE & CO US LLP
355 s. Grand Avenue, Suite 1400
Los Angeles, California 90071
Telephone: (213) 338-7600

JOINT RULE 26(F) REPORT

Dated: November 17, 2025          CLYDE & CO US LLP


By:_/s/ Benedict E. Idemundia_____
    KEVIN R. SUTHERLAND
    BENEDICT E. IDEMUNDIA
    TAYLOR J. TROTTER
    Attorneys for Defendant
    AIR CANADA


Dated: November 17, 2025


By:_/s/ Nicole Andersen_____
    STUART R, FRAENKEL
    NICOLE ANDERSEN
    NELSON & FRAENKEL LLP

    VINCENT C. LESCH III
    KREINDLER & KREINDLER LLP

    Attorneys For Plaintiff
    DANIELLE STELZRIEDE

CLYDE & CO US LLP
355 s. Grand Avenue, Suite 1400
Los Angeles, California 90071
Telephone: (213) 338-7600

JOINT RULE 26(F) REPORT

ATTESTATION PER LOCAL RULE 5-4.3.4 (a)(2)(i)

The e-filing attorney hereby attests that concurrence in the filing of the document has been obtained from each of the other signatories indicated by a conformed signature (/s/) within this e filed document.

*/s/ Benedict E. Idemundia*
Benedict E. Idemundia

CLYDE & CO US LLP
355 s. Grand Avenue, Suite 1400
Los Angeles, California 90071
Telephone: (213) 338-7600

1
2
3
4
5
6
7
8
9
10
11
12
13
14
15
16
17
18
19
20
21
22
23
24
25
26
27
28

JOINT RULE 26(F) REPORT

**CERTIFICATE OF SERVICE**

**STATE OF CALIFORNIA COUNTY OF LOS ANGELES**

I am employed in the County of Los Angeles, State of California, I am over the age of eighteen years, and not a party to the within action. My business address is 355 S. Grand Avenue, Suite 1400, Los Angeles, California 90071.

On November 17, 2025, I served true and correct copies of the following document(s) described as:

**JOINT RULE 26(F) REPORT**

on the interested parties in this action as follows:

**SEE ATTACHED SERVICE LIST**

in the following manner:

☐ **BY MAIL:** I enclosed the document(s) in a sealed envelope or package addressed to the persons at the addresses listed in the Service List and placed the envelope for collection and mailing, following our ordinary business practices. I am readily familiar with the practice of Clyde & Co US LLP for collecting and processing correspondence for mailing. On the same day that correspondence is placed for collection and mailing, it is deposited in the ordinary course of business with the United States Postal Service, in a sealed envelope with postage fully prepaid. I am a resident or employed in the county where the mailing occurred. The envelope was placed in the mail at Los Angeles, California.

☐ **BY OVERNIGHT DELIVERY:** I enclosed said document(s) in an envelope or package provided by Overnight Delivery and addressed to the persons at the addresses listed in the Service List. I placed the envelope or package for collection and overnight delivery at an office or a regularly utilized drop box of Overnight Delivery or delivered such document(s) to a courier or driver authorized by Overnight Delivery to receive documents.

☐ **BY E-MAIL OR ELECTRONIC TRANSMISSION:** I caused a copy of the document(s) to be sent from e-mail address lisa.veras@clydeco.us to the persons at the e-mail addresses listed in the Service List. I did not receive, within a reasonable time after the transmission, any electronic message or other indication that the transmission was unsuccessful.

☒ **BY CM/ECF NOTICE OF ELECTRONIC FILING:** I electronically filed the document(s) with the Clerk of the Court by using the CM/ECF system. Participants in the case who are registered CM/ECF users will be served by the CM/ECF system.

I declare under penalty of perjury under the laws of the United States of America that the foregoing is true and correct and that I am employed in the office of a member of the bar of this Court at whose direction the service was made.

Executed on November 17, 2025, at Los Angeles, California.

_____
Lisa Vera

CLYDE & CO US LLP
355 s. Grand Avenue, Suite 1400
Los Angeles, California 90071
Telephone: (213) 338-7600

1
2
3
4
5
6
7
8
9
10
11
12
13
14
15
16
17
18
19
20
21
22
23
24
25
26
27
28

# SERVICE LIST

| | |
|---|---|
| Stuart R. Fraenkel, Esq.<br>Nicole Andersen, Esq.<br>NELSON & FRAENKEL LLP<br>601 S. Figueroa Street, Suite 2050<br>Los Angeles, CA 90017<br><br>Attorneys for Plaintiff<br>DANIELLE STELZRIEDE | Telephone: (213) 622-6469<br>Facsimile: (213) 6226019<br><br>Email: stuart@nflawfirm.com<br>        nandersen@nflawfirm.com |
| **Vincent C. Lesch , III**<br>Kreindler and Kreindler LLP<br>485 Lexington Avenue, 28th Floor<br>New York, NY 10017<br><br>*PRO HAC VICE*<br>*ATTORNEY TO BE NOTICED* | Telephone: (212) 687-8181<br>Facsimile: (212) 972-9432<br><br>Email: vlesch@kreindler.com |

JOINT RULE 26(F) REPORT